## Indiana, Decatur & W. Ry. Co. v. August Hendrian, Adm.

1. JURY—*Province of, in a Conflict of Testimony.*—In a conflict of testimony, it is the province of the jury to determine where the truth lies.

2. PRACTICE—*Introduction of Witnesses After the Instructions Are Read.*—Allowing a party to introduce witnesses after the instructions have been read, is a matter resting in the discretion of the court.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

R. D. MARSHALL and OUTTEN & ROBY, attorneys for appellant.

CHARLES M. BORCHERS and ALBERT G. WEBBER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This was an appeal from a judgment of $1,500 recovered by appellee in a suit against appellant for the killing of appellee's intestate by an engine on appellant's road at Decatur.

The deceased was a boy of about twelve years of age. He and three other boys, about the same age, got upon the

foot-board of a switch engine in appellant's yard to ride to a brick yard for which they had started. The engineer, on discovering the boys and while the engine was moving, started toward them. The three boys testified that he ordered them to get off, that he kicked one of them in the back and kicked deceased with such force that he fell off and was run over by the engine. The engineer denied that he ordered the boys off or kicked either of them. In the conflict it was the province of the jury to find the truth. If the testimony of the boys is true, appellant is liable. To our minds, there appears a clear preponderance that way. It is the testimony of three disinterested witnesses against one, and their testimony is fully as reasonable and consistent as his.

Complaint is made of the action of the court in allowing appellee, after the instructions had been read to the jury, to introduce another witness. That was a matter that rested within the sound discretion of the court. The testimony so admitted was not upon a disputed question, and was not prejudicial to appellant.

Among the instructions tendered by appellant was one telling the jury that "in determining the weight and preponderance of the evidence if they believe any witness has sworn falsely on any matter, they have a right to take such fact into consideration in determining the amount of credibility to be given to the evidence of such witness in any matter about which he may have testified." The court inserted after the word "has" and before the word "sworn" the word "willfully" and read the instruction to the jury so modified. He erased the inserted word at once, however, and read the instruction to the jury with the word so erased.

Appellant contends the action of the court in that regard was reversible error. We regard it as an unimportant and harmless irregularity.

We see no error in the record sufficient to justify a reversal. Judgment affirmed.